UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

2021 APR -1 PM 1:41

| | | |
|---|---|---|
| MARK KEMP | ) | |
|     *Plaintiff* | ) | |
| vs. | ) | DOCKET NO. |
| | ) | |
| S.B. COLLINS, INC., d/b/a | ) | 2:21-cv-103 |
| CLARENCE BROWN | ) | |
|     *Defendants* | ) | |

## CIVIL COMPLAINT AND JURY DEMAND

Mark Kemp, for his Complaint against S.B. Collins, Inc., d/b/a Clarence Brown (hereinafter "S.B. Collins") by way of his attorney, Matthew M. Shagam, Esq., of Rich Cassidy Law, respectfully represents as follows.

### PARTIES, JURISDICTION, and VENUE

1. Plaintiff Mark Kemp is a resident of Franklin County, Vermont

2. Defendant is a Vermont domiciled company whose principal place of business is in Franklin County, Vermont.

3. This action arises under 29 U.S.C. § 2601 *et seq*, the Family Medical Leave Act, and 21 V.S.A. § 470 *et seq.*, the Vermont Parental and Family Leave Act.

4. This Court has original jurisdiction over claims grounded on 29 U.S.C. § 2601 *et seq.*, the Family and Medical Leave Act under 12 U.S.C. § 1331.

5. The Court may exercise supplemental jurisdiction over the state law claims grounded on 21 V.S.A. 470 *et seq.* under 12 U.S.C. § 1367.

6. As the events and parties giving rise to claims are primarily located in Franklin County, Vermont, venue is properly located in the District of Vermont.

### FACTS GIVING RISE TO CLAIMS



RICH CASSIDY LAW
Suite D5
1233 Shelburne Road
South Burlington, VT 05403

1

7. S.B. Collins, among other business operations, runs a chain of gas stations and convenience stores in Northwestern Vermont generally known as "the Jolley chain" or "the Jolley stores".

8. One of these gas stations/convenience stores operated by Defendant is located on Federal Street in St. Albans, Vermont, hereinafter referred to as "the Federal Street Jolley".

9. Mark Kemp was employed as a store manager at the Federal Street Jolley.

10. Mark Kemp is married to Mrs. Amy Kemp.

11. Mrs. Kemp occasionally has medical events which require emergency care.

12. Defendant was aware of the medical events requiring medical care and Mark's need to occasionally provide emergency and other care to his wife.

13. Mark responds to these emergencies when they happen to provide immediate assistance and care to his wife.

14. On Thursday, March 28, 2019, Amy Kemp suffered a seizure in which she fell on a hardwood floor and hit her head.

15. Mark left to immediately get her and take her to UVM's ER.

16. Amy's neurological specialist is also located at UVM.

17. Mark provided immediate verbal notice to his employers that he was leaving to provide emergency care to his wife.

18. He left the Federal Street Jolley under the supervision of the most senior employee present.

19. Mark had to take two days off, followed by a scheduled day off, and another work day off to provide care to his wife following her fall and concussion.



RICH CASSIDY LAW
Suite D5
1233 Shelburne Road
South Burlington, VT 05403

20. Mark appropriately notified supervisors both that he would be out from work providing care to his wife.

21. Mark communicated that as soon as his wife would no longer require post-concussive assistance, he we would return to work.

22. On Tuesday, April 1, 2019, Mark returned to work.

23. On Wednesday, April 2, 2019, Mark was fired.

24. Mark was told that the primary reason for his discharge was because he left the store without a manager when he went to provide emergency care for his wife.

### COUNT I – RETALIATORY DISCHARGE IN VIOLATION OF THE FEDERAL FAMILY MEDICAL LEAVE ACT

25. Plaintiff restates and incorporates paragraphs 1 through 23, above, herein.

26. Plaintiff was within his federal Family and Medical Leave act rights in taking emergency leave and short-notice, short-term leave to provide personal care services to his wife following her concussion.

27. Defendant's primary motivation for discharging Plaintiff was his use of leave to care for his wife.

28. Defendant has willfully violated the Family and Medical Leave Act by discharging Plaintiff for taking emergency and short-notice, short-term leave.

29. As a result of Defendant's willful, intentional, and retaliatory discharge, pursuant to 29 U.S.C. § 2617, Defendant is liable to Plaintiff for lost income, lost future income, costs, interest, liquidated damages, reinstatement, and attorneys fees.



RICH CASSIDY LAW

Suite D5
1233 Shelburne Road
South Burlington, VT 05403

### COUNT II – RETALIATORY DISCHARGE IN VIOLATION OF THE VERMONT PARENTAL AND FAMILY LEAVE ACT

30. Plaintiff restates and incorporates paragraphs 1 through 29, above, herein.

3

31. Defendant has willfully violated the Vermont Parental and Family Leave Act by discharging Plaintiff for taking emergency and short-notice, short-term leave.

32. As a result of Defendant's willful, intentional, and retaliatory discharge, Plaintiff has suffered damages.

33. As a result of Defendant's willful, intentional, and retaliatory discharge, pursuant to 21 V.S.A. § 474 and 21 V.S.A. § 495b, Defendant is liable to Plaintiff for lost income, lost future income, costs, interest, liquidated damages, and attorneys fees.

**WHEREFORE**, Plaintiff Mark Kemp respectfully requests that this Court render judgment herein in his favor and against the Defendant, S.B. Collins, Inc., awarding to Mr. Kemp compensatory damages, damages as awarded by statute, reasonable attorney fees, all costs of these proceedings and both pre-judgment and post-judgment interest.

DATED, at St. Albans, Vermont, this 31st day of March, 2021

*/s/ Matt Shagam / MMS - 3/31/21*
MATTHEW M. SHAGAM, ESQ.
Rich Cassidy Law
1233 Shelburne Road, Ste. D5
South Burlington, VT 05403
Phone: 802-864-8144
Rich@RichCassidyLaw.com
Counsel to Plaintiff Mark Kemp

### JURY DEMAND

DATED, at St. Albans, Vermont, this 31st day of March, 2021

The Plaintiff, Mark Kemp, demands a jury on all triable claims and relief.

*/s/ Matt Shagam / MMS - 3/31/21*
MATTHEW M. SHAGAM, ESQ.
Counsel to Plaintiff

RICH CASSIDY LAW
Suite D5
1233 Shelburne Road
South Burlington, VT 05403

4