## UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | |
|---|---|
| MARK KEMP, ) | |
| ) | |
| Plaintiff, ) | Docket No. 2:21-cv-00103 |
| ) | |
| v. ) | |
| ) | |
| S.B. COLLINS, INC., and ) | |
| JOLLEY ASSOCIATES, LLC, ) | |
| d/b/a JOLLEY, ) | |
| ) | |
| Defendants. ) | |

### JOLLEY ASSOCIATES, LLC, d/b/a JOLLEY'S ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND

Defendant Jolley Associates, LLC, d/b/a Jolley ("Jolley"), by and through counsel, Sheehey Furlong & Behm P.C. answers Plaintiff's First Amended Complaint and Jury Demand ("Amended Complaint") as follows:

### PARTIES, JURISDICTION AND VENUE

1. Jolley lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, it is denied.

2. Admitted that Jolley is a Vermont domiciled company with a principal place of business in Franklin County, Vermont.

3. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

4. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

5. This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, the allegation is denied.

6. Admitted.

## FACTS GIVING RISE TO CLAIMS

7. This allegation is directed against another Defendant, and, therefore, no response is required by Jolley.

8. Admitted that Jolley operates convenience stores and gas stations in Northwestern Vermont, but it is unclear what is meant by "these stores." Without understanding what is meant by that term, any remaining allegation is denied.

9. It is unclear what is meant by "owners and operators," and without understanding what is meant by that term, this allegation is denied.

10. Admitted that Jolley operates convenience stores and gas stations and that it purchases fuel from S.B. Collins, Inc.; any remaining allegations are denied.

11. Admitted that Jolley operates a gas station/convenience store on Federal Street in St. Albans, Vermont; any remaining allegations are denied.

12. Admitted that for a period of time, Mark Kemp was a store manager at the Jolley on Federal Street.

13. Jolley lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, it is denied.

14. Jolley lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, it is denied.

15. It is unclear what is meant by "the medical events requiring medical care" and, without understanding what is meant by that term, this allegation is denied.

16. Jolley lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, it is denied.

17. Jolley lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, it is denied.

18. Jolley lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, it is denied.

19. Jolley lacks knowledge or information sufficient to form a belief about the truth of the allegation and, therefore, it is denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted.

27. Denied.

## COUNT I:  RETALIATORY DISCHARGE IN VIOLATION OF THE FEDERAL FAMILY MEDICAL LEAVE ACT

28. No response is required to this allegation.  To the extent a response is required, Jolley sets forth and incorporates its responses to Paragraphs 1 through 27.

29. This paragraph states a conclusion of law to which no response is required.  To the extent a response is required, the allegation is denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT II:  RETALIATORY DISCHARGE IN VIOLATION OF THE VERMONT PARENTAL AND FAMILY LEAVE ACT

33. No response is required to this allegation.  To the extent a response is required, Jolley sets forth and incorporates its responses to Paragraphs 1 through 32.

34. Denied.

35. Denied.

36. Denied.

37. Responding to Plaintiff's unnumbered "Prayer for Relief," Jolley denies that Plaintiff is entitled to any damages award or relief from the Court.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Failure to state a claim upon which relief can be granted.

2. Defendant's actions were justified.

3. Plaintiff did not give notice of need for leave or otherwise invoke his rights.

4. Plaintiff was not caring for his wife, as defined under the Family Medical Leave Act and Vermont's Parental and Family Leave Act, as alleged in the Amended Complaint.

5. Defendant's lack of knowledge.

6. Defendant had a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

7. Plaintiff's damages, if any, were caused by his own actions.

8. Plaintiff's damages, if any, are barred in whole or in part by his failure to mitigate his damages, if any.

9. Jolley reserves the right to plead additional defenses as the litigation progresses.

## JURY DEMAND

Jolley hereby requests a trial by jury on all issues so triable.

WHEREFORE, Defendant respectfully requests that the Amended Complaint be dismissed and the relief sought therein be denied in all respects, together such further relief as the Court deems just and proper.

Dated at Burlington, Vermont this 2nd day of August, 2021.

                                        **JOLLEY ASSOCIATES, LLC, d/b/a JOLLEY**

By:    */s/ Heather E. Ross*
          Heather E. Ross, Esq.
          SHEEHEY FURLONG & BEHM P.C.
          30 Main Street, 6th Floor
          P.O. Box 66
          Burlington, VT 05402-0066
          (802) 864-9891
          hross@sheeheyvt.com